## S. & S. CLOTHING CO. v. KIRSHON.

(Supreme Court, Appellate Term, First Department.  November 3, 1915.)

JUDGMENT ☞720—FORMER ADJUDICATION—INJURY TO CHATTELS.

In an action for damages to a showcase, a judgment in a prior replevin suit to recover the showcase in favor of plaintiff "for a return of the property subject to defendant's special property for a stated amount for repairs, defendant to retain the property until the lien is paid," was conclusive against plaintiff's claim that the showcase was injured during the repairs.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1251; Dec. Dig. ☞720.]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by the S. & S. Clothing Company against William Kirshon. Judgment for plaintiff, and defendant appeals.  Reversed, and complaint dismissed.

Argued October term, 1915, before BIJUR, PAGE, and SHEARN, JJ.

Goldstein & Goldstein, of New York City (David Goldstein, of New York City, of counsel), for appellant.

Samuel Ecker, of New York City, for respondent.

BIJUR, J.  Plaintiff sues for damages done to its showcase by defendant.  It appeared that plaintiff had delivered a showcase to defendant to be repaired, that defendant repaired the same, but refused to redeliver it to plaintiff until defendant's charges for repairs were paid. Thereupon, in a prior action, plaintiff sought to replevin the showcase. The testimony as to the prior action was given orally in the present suit, and the judgment is testified to have been "for plaintiff for the return of the property or its value, $50, subject to defendant's special property or lien thereon for $15, defendant to retain property until the lien is paid."

Appellant urges that this judgment was an adjudication to the effect that his services in repairing the chattel were worth $15, and consequently is equally determinative adversely to plaintiff's present claim that the services injured the chattel. This seems to me to be so evident as to require no discussion.

Judgment reversed, with $30 costs, and complaint dismissed, with costs. All concur.